■ In the Matter of MARY J. MACKECHNIE, Individually and On Behalf of All Other Employees of the Board of Education, City School District of New Rochelle, Similarly Situated, Appellant, against BOARD OF EDUCATION, CITY SCHOOL DISTRICT OF NEW ROCHELLE, Respondent.— In a proceeding to direct respondent to pay appellant and other named persons annual salaries determined in accordance with their transfer credit and years of service, the appeal is from an order dismissing the petition on the merits. Order unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. [11 Misc 2d 926.]

■ In the Matter of the Arbitration between JOSEPH ROSENGART, Appellant, and ARMSTRONG DAILY, INC., Respondent.— Appeal from an order denying appellant's application to vacate an arbitrator's award and for arbitration *de novo,* and dismissing the proceeding. The application was made on the ground that the award and the proceedings thereunder are a nullity, inasmuch as appellant never executed a waiver of attorney in writing (Civ. Prac. Act, § 1454). There is no provision in the arbitration contract which prohibits representation by an attorney. At the arbitration proceeding two officials of appellant's union spoke in favor of appellant's cause. Appellant made no demand for representation by any other attorney. The Special Term held that appellant did not waive counsel, that he was not deprived of counsel, that he merely failed to avail himself of additional representation, and that there was no obligation upon the arbitration panel to advise appellant. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [9 Misc 2d 174.]

■ JOSEPH JAKUBOVIC, as Administrator of the Estate of LILLIAN JAKUBOVIC, Deceased, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— In an action to recover damages for wrongful death and for conscious pain and suffering, the appeal is from a judgment dismissing the complaint at the close of plaintiff's case. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ MAX SIMON, Appellant, v. JOSEPH J. CATALAN, Respondent.— In an action to recover damages for alleged false arrest and malicious prosecution, the appeal is from an order changing the place of trial, on respondent's motion, from Nassau County to Queens County (Civ. Prac. Act, § 187). Order modified by adding thereto, at the end of the last ordering paragraph, the following: "and it is further ORDERED that this action be placed upon the Queens County General calendar nunc pro tunc and be tried as an issue of the December, 1956 term, and that all subsequent proceedings be had in Queens County the same as if it had been designated in the complaint as the place of trial." As so modified, order affirmed, without costs. While it was proper to grant the motion, under the circumstances of this case, provision should have been made that the subsequent proceedings in this action be had as though Queens County had been designated in the complaint as the place of trial (Civ. Prac. Act, § 188). Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

## (October 22, 1958)

■ In the Matter of ELLIOTT H. NEWCOMB, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, against R. FRED TALENTO, as City Clerk of the City of Rye, et al., Respondents-Appellants.— Pursuant

to stipulation, appeal by appellant-respondent withdrawn, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of ELLIOTT H. NEWCOMB, on Behalf of Himself and All Others Similarly Situated, Respondent, against R. FRED TALENTO, as City Clerk of the City of Rye, et al., Appellants.— Appeal from so much of an order dismissing the petition as granted leave to serve an amended petition. Order insofar as appealed from affirmed, without costs. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of ELLIOTT H. NEWCOMB, on Behalf of Himself and All Others Similarly Situated, Respondent, against R. FRED TALENTO, as City Clerk of the City of Rye, et al., Appellants.— Order unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

## (October 27, 1958)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ALBERT FREISTADT, J. MILFORD KIRKUP, JR., IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7256.) THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ALBERT FREISTADT, IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7257.) THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. J. MILFORD KIRKUP, JR., ALBERT FREISTADT, IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7258.)— Motion by defendants Garfinkle and Egelman to dismiss, as to them, indictments numbered 7256, 7257 and 7258 returned by the Grand Jury of the Extraordinary Trial and Special Term of the Supreme Court of Suffolk County on the ground that said indictments were obtained in violation of defendants' rights (Code Crim. Pro., § 10; N. Y. Const., art. I, § 6; U. S. Const., 5th Amdt., 14th Amdt.). Motion granted, indictments dismissed and bail exonerated; the special assistant attorney-general is directed to resubmit the charges against said defendants to the Grand Jury before which the said defendants shall not be subpœnaed and examined. The moving defendants were subpœnaed and testified before the Grand Jury as to transactions which became the basis of the indictments against them. The testimony was taken without warning as to self incrimination, without immunity from prosecution, and without express waiver of immunity. The prosecutor did not consider the moving defendants to be prospective defendants, but the nature and extent of the questioning, coupled with the prior evidence adduced at the investigation, indicated that the moving defendants were being placed in the position of prospective defendants. Neither section 2447 of the Penal Law nor *People* v. *De Feo* (308 N. Y. 595) supports the argument that the moving defendants, being ordinary witnesses as distinguished from prospective defendants, were required to assert the privilege against self incrimination and not having done so are deemed to have waived it. (See *People* v. *Baumer*, 136 Misc. 17.) Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ JOSEPH B. ABRAHAMS, Respondent, v. HAROLD H. HUSTIS et al., as Executors of SAMUEL HUSTIS, Deceased, Appellants.— In an action to recover damages for personal injuries, the appeal is from so much of an order as granted a motion for leave to serve an amended complaint. Order modified by striking from the first ordering paragraph the word "granted" and by substituting therefor the word "denied". As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellants. The original complaint specified as the grounds of negligence that the testator